LARKIN v KENT CIRCUIT JUDGE

PANKO v STATE COURT ADMINISTRATOR

Docket Nos. 58250, 58684. Decided November 23, 1976. On application
for leave to appeal by the defendant circuit judge and on
complaint for mandamus the Supreme Court, in lieu of grant-
ing leave to appeal, reversed the decision of the Court of
Appeals and denied the writ of mandamus.

Ronald Larkin was convicted by a jury in Kent Circuit Court,
Stuart Hoffius, J., of delivery of heroin. The trial court denied
the defendant's request for certain documents and transcripts
because a court-appointed attorney represented the defendant
in post-conviction proceedings. He brought an action *in propria
persona* in the Court of Appeals for superintending control
against the Kent Circuit Judge and the Court of Appeals, T. M.
Burns, P. J., and D. E. Holbrook, Jr., and D. F. Walsh, JJ.,
ordered that the documents be provided (Docket No. 27160).
The circuit judge applies for leave to appeal.

Michael E. Panko was convicted of a felony in Saginaw Circuit
Court and the county clerk denied his request for copies of
court records because he had a court-appointed attorney pursu-
ing an appeal in his behalf. The defendant, *in propria persona,*
brought a complaint for mandamus against the State Court
Administrator in the Supreme Court requesting an order di-
recting the administrator to notify the courts that all requests
by indigent defendants for documents must be honored under
GCR 1963, 785.13. *Held:*

An indigent defendant is entitled to facsimile copies to facili-
tate his pursuit of post-conviction remedies (1) only after his
appeal of right has been concluded if he is represented by
counsel on appeal, or (2) upon failure to exercise his appeal as
of right or to exercise his right to assigned counsel.

The decision of the Court of Appeals is reversed and the
complaint for superintending control dismissed as to Larkin,
and the writ of mandamus is denied as to Panko.

Ronald Larkin, *in propria persona.*

*Harold S. Sawyer,* Prosecuting Attorney, ·and *Craig S. Neckers,* Assistant Prosecuting Attorney, for Stuart Hoffius, Circuit Judge.

Michael E. Panko, *in propria persona.*

PER CURIAM. Effective March 29, 1974, we adopted a new GCR 1963, 785.13:

"Providing Indigent Defendants with Facsimile Copies of Documents and Transcripts for Post-Conviction Proceedings. Without regard to whether an indigent defendant convicted of a crime has exercised his right of appeal or his right to appellate counsel or whether his conviction has or has not been reviewed or affirmed by the Court of Appeals or the Supreme Court, if defendant makes a request of the court which pronounced sentence for specific documents or transcripts or both which have been theretofore filed with that court, said request being in writing and indicating such materials are required to pursue post-conviction remedies, whether in state or Federal court, the clerk of the court which pronounced sentence shall provide the defendant with facsimile copies of such specific documents or transcripts or both without cost to him; this subrule applies to all criminal cases in which sentence has been heretofore or is hereafter pronounced."

Ronald Larkin was convicted of a felony in Kent Circuit Court in 1974. His request for certain documents and transcripts was denied by the circuit judge because an attorney, acting under court appointment, was then representing defendant in post-conviction proceedings. In fact, Larkin's appeal of right remains pending in the Court of Appeals. Larkin filed a complaint for superintending control in the Court of Appeals, asking that the judge be directed to order the county clerk to forward facsimile copies, as requested under subrule 785.13. The Court of Appeals responded

favorably, and said: "Defendant [judge] is advised that the fact that plaintiff has had appellate counsel appointed for him is not grounds for denial of facsimile copies."

Michael E. Panko similarly had an appointed attorney pursuing an appeal of right in his behalf, when the Saginaw county clerk denied his request for copies of court records with the explanation that subrule 785.13 was limited to pro per indigent defendants. Since the State Court Administrator shared that opinion, Panko filed a complaint for mandamus in this Court, naming the State Court Administrator as defendant and requesting an order directing him to notify the courts that *all* requests by indigent defendants under subrule 785.13 must be honored.

While the introductory clause of subrule 785.13 may be read to require that facsimile copies be furnished without regard to whether an indigent defendant is then represented by counsel, that was not our intent.

We hold that the introductory clause means that an indigent defendant is entitled to facsimile copies to facilitate his pursuit of post-conviction remedies:

(1) if he is represented by counsel on appeal, only after his appeal of right has been concluded; or

(2) upon failure to exercise his appeal as of right or right to assigned counsel.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the order of the Court of Appeals and dismiss Larkin's complaint for superintending control. Panko's complaint for mandamus is denied.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.